Filed 6/28/22 G.T. v. Madera County Dept. of Social Services etc. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| G.T.,<br><br>      Petitioner and Appellant,<br><br>      v.<br><br>MADERA COUNTY DEPARTMENT OF SOCIAL SERVICES/CHILD WELFARE SERVICES et al.,<br><br>      Respondents. | F082701<br><br>(Super. Ct. No. MJP018664)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Madera County. Thomas L. Bender, Judge.

Munger Tolles & Olson, Jordan D. Segall and Lloyd S. Marshall; University of California at Irvine School of Law, Susan E. Seager and Jack Lerner for Petitioner and Appellant.

Regina A. Garza, County Counsel, and Christopher B. Dorian, for Respondent Madera County Department of Social Services/Child Welfare Services.

Beth A. Sears, under appointment of the Court of Appeal, for Respondent D.S.

-ooOoo-

In this proceeding, G.T. appeals from the juvenile court's order denying his petition to obtain the juvenile case file of D.S., a deceased child, under Welfare and Institutions Code section 827, subdivision (a)(2). G.T. argues the juvenile court erred in denying his petition because it: (1) failed to hold a hearing; (2) considered impermissible factors when deciding whether to release D.S.'s records; (3) found D.S. had no juvenile case file because a dependency petition had not been filed on her behalf; and (4) failed to make factual findings to support its denial of his request. G.T asks us to reverse the juvenile court's order and either order release of the D.S. case file or remand the matter to the juvenile court for it to review his petition under the proper standards.

After G.T. filed this appeal, he filed a petition for writ of mandate or prohibition, in which he made the same arguments as in this appeal and sought to compel the juvenile court to vacate its order denying his petition and either enter an order granting the petition or remand for a hearing under the proper standards. We recently issued an opinion in the writ proceeding, in which we granted the writ petition and ordered issuance of a peremptory writ of mandate directing the juvenile court to vacate its order denying the petition and hold a hearing on G.T.'s request for the disclosure of D.S.'s juvenile case file. (*Therolf v. Superior Court* (June 28, 2022, F082993) [nonpub. opn.].) Since we have granted the relief G.T. seeks in this appeal, there is no further relief we may grant. Therefore, we dismiss this appeal as moot.

## **DISPOSITION**

The appeal is dismissed as moot.[1]

MEEHAN, J.

WE CONCUR:

LEVY, Acting P. J.

POOCHIGIAN, J.

---

[1]     Appellant's request for judicial notice, filed on July 12, 2021, is denied as moot. Respondent D.S.'s request for judicial notice, filed August 25, 2021, is denied as moot.